IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 4 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| CHRISTOPHER HERNANDEZ, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:20-CV-790-A |
| § | (NO. 4:19-CR-030-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Christopher Hernandez, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:19-CR-030-A, styled "United States v. Miguel Angel Andrade, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 6, 2019, movant was named in a one-count information charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21

U.S.C. § 846. CR Doc.[1] 21. On February 22, 2019, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 6. They also signed a waiver of indictment. CR Doc. 37. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 76.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR Doc. 41. He received

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-030-A.

a two-level enhancement for possession of 10 firearms, id. ¶ 23, and a two-level enhancement for maintaining a drug premises. Id. ¶ 24. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 30, 31. Based on a total offense level of 33 and a criminal history category of I, movant's guideline imprisonment range was 135 to 168 months. Id. ¶ 69. Movant did not lodge any objections to the PSR. CR Doc. 60.

On June 7, 2019, movant was sentenced to a term of imprisonment of 168 months. CR Doc. 58. He appealed, CR Doc. 62, and his sentence was affirmed. United States v. Hernandez, 795 F. App'x 311 (5th Cir. 2020).

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion, worded as follows:

Ground One: Ineffective of counsel [sic]

Doc.[2] 1 at 7.

> Ground Two: Counsel failed to raise and litigate a minor-role reduction in sentence

Id.

> Ground Three: Movant's fifth and sixth amendments due process rights violated

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil case.

Id.

### III.

### Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome

a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant simply lists five things he says his counsel failed to do. Doc. 2 at 4. He does not provide anything more than his conclusory allegations. Nor does he refer to any evidence to support them. Unsupported conclusory allegations are not sufficient to support a claim of ineffective assistance. Miller, 200 F.3d at 282.

In his second ground, movant argues that he was entitled to a reduction for minor role in the offense. Again, the allegations are unsupported. The issue was raised on direct appeal and the Fifth Circuit noted that although movant was identified as the bodyguard of the witness's cocaine supplier, movant helped set up the delivery of 24 kilograms of cocaine; his home was used to store large amounts of cocaine; and, movant's identification was found in the bedroom where law enforcement found 8 kilograms of cocaine, multiple firearms, and over $30,000.00 in cash. Hernandez, 795 F. App'x at 311. To be

entitled to a reduction, movant would have had to show that he was substantially less culpable than other participants. United States v. Escobar, 866 F.3d 333, 335-36 (5th Cir. 2017); United States v. Gomez-Valle, 828 F.3d 324, 331 (5th Cir. 2016). That is, he must have shown that he was peripheral to the advancement of the illegal activity, not just that he did less than other participants. United States v. Anchundia-Espinoza, 897 F.3d 629, 634 (5th Cir. 2018). He has not made any attempt to do so.

In his third ground, movant argues that his constitutional rights were violated because his base offense level was erroneously calculated. Doc. 2 at 7. To the extent that movant relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), in support of his argument, the argument is without merit. Apprendi does not apply to enhancements based on the sentencing guidelines. United States v. Clinton, 256 F.3d 311, 314 (5th Cir. 2001). Further, misapplication of the sentencing guidelines does not present a cognizable claim under § 2255. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). As the Fifth Circuit recognized, the record established that movant helped set up the delivery of 24 kilograms of cocaine. Arguing that movant should not have been held responsible for that amount would not have been prudent. Movant's counsel cannot have been ineffective for failing to raise a frivolous objection. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

V.

Order

The court ORDERS that movant's motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 4, 2020.

_____
JOHN McBRYDE
United States District Judge